Matter of Sandford v White (2018 NY Slip Op 05175)





Matter of Sandford v White


2018 NY Slip Op 05175


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-04443
 (Docket No. V-5723-16)

[*1]In the Matter of James Sandford III, appellant, 
v
Crystal White, respondent.


Del Atwell, East Hampton, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated March 9, 2017. The order dismissed the father's petition for parental access with the parties' child for failure to comply with the service provisions of an order to show cause dated January 17, 2017.
ORDERED that the order dated March 9, 2017, is affirmed, without costs or disbursements.
The father filed a petition seeking parental access with the parties' child. The Family Court issued an order to show cause directing the mother to appear on the petition. The order to show cause directed the father to effectuate personal service on the mother of the order to show cause together with the supporting papers, and to file an affidavit of service with the court, by certain dates. The order to show cause was subsequently amended twice to provide for later service and appearance dates. The father failed to effectuate service on the mother and to file an affidavit of service with the court. In an order dated March 9, 2017, the court dismissed the father's petition for failure to comply with the service provisions of the second amended order to show cause. The father appeals.
Contrary to the father's contention, the Family Court properly dismissed the petition for failure to serve the mother in accordance with the second amended order to show cause (see CPLR 403[d]; Matter of Smith v New York County Dist. Attorney's Off., 104 AD3d 559, 560; Matter of Goodman v Nassau County Bd. of Elections, 87 AD3d 668, 668; Matter of Ruine v Hines, 57 AD3d 369, 370).
The father's contention that an adjournment should have been granted is not properly before this Court, since the father never sought such relief in the Family Court (see Matter of Genting N.Y., LLC v New York City Envtl. Control Bd., 158 AD3d 684, 685).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court